IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


JN'P ENTERPRISES, LLC,              §
                                    §
            Plaintiff,              §
                                    §
v.                                  §
                                    §        CIVIL ACTION NO. H-14-3633
COMPANION LIFE INSURANCE            §
COMPANY and ASSURANCE               §
RESOURCES, INC.,                    §
                                    §
            Defendants.             §


### MEMORANDUM OPINION AND ORDER

Plaintiff, JN'P Enterprises, LLC ("JNP"), brings this action against defendants, Companion Life Insurance Company ("Companion") and Assurance Resources, Inc. ("ARI", collectively "defendants") for a variety of claims arising from an alleged failure to pay insurance benefits. Pending before the court is JN'P Enterprises, LLC's Motion to Remand for Lack of Subject Matter Jurisdiction and Request for Attorney's Fees (Docket Entry No. 11). For the reasons explained below, JNP's motion to remand will be granted, and JNP's request for attorney's fees will be denied.

### I.  Factual and Procedural Background

JNP initiated this action against defendants by filing Plaintiff's Original Petition ("Petition") and Request for Disclosures in Cause No. 1053197, styled <u>JN'P Enterprises, LLC v. Companion Life Insurance Company and Assurance Resources, Inc.</u>, in

the County Court at Law No. 3, Harris County, Texas.   On November 18, 2014, JNP filed Plaintiff's First Amended Petition with Request for Disclosure ("JNP's First Amended Petition").   In the Amended Petition JNP made the following allegations of fact:

10. JNP entered into an agreement with Companion, whereby JNP would pay a premium to Companion, and, in return Companion was to provide insurance coverage to JNP.

11. JNP paid its premiums and fulfilled all conditions precedent.

12. JNP submitted two unrelated claims to ARI for coverage, and ARI attempted to obtain concessions from JNP from one claim in order to provide a defense for the other:

   a. "Valderrama Claim": The Valderrama Claim is an occupational accident claim covered by Companion Life Insurance Company and ARI's occupational accident policy.   Alberto Valderrama is the injured individual.

   b. "Hernandez Claim": The Hernandez Claim is a wrongful death claim against JNP covered by American Southern and ARI's employer's liability policy.   Jesus Alejandro Hernandez is the decedent.

13. On April 1, 2014, Alan Hardin, ARI claims manager, submitted a letter regarding the Hernandez Claim stating "JNP Enterprises is a covered entity and in the event of a lawsuit, they will be provided a defense by Assurance Resources on behalf of American Southern Insurance Company."

14. Regarding the Valderrama Claim, ARI and Companion made misrepresentations and refused to provide coverage, in violation of the terms of the occupational accident policy and the Texas Deceptive Trade Practices Act and the Texas Insurance Code. On September 19, 2014, JNP filed a lawsuit against ARI and Companion for their misrepresentations, violation of insurance agreement, breach of contract, violation of

-2-

statutory provisions and refusal to cover the Valderrama Claim.

15. On October 7, 2014, ARI sent a letter to JNP providing notice that JNP's occupational accident policy was cancelled. The letter contained the heading "Cancellation for Non-Compliance" and failed to state any act or omission of JNP constituting non-compliance. Russell Coates, an[] ARI representative, expressly told Pablo Fuentes at JNP that the policy was being canceled based on the Valderrama lawsuit.

16. On October 22, 2014, Ruben Reyes at JNP sent an email to Susan Wilson, an ARI representative, providing notice that a lawsuit had been filed by Itzel Camacho against JNP in the Hernandez Claim and reported the claim under the Employer's Liability policy. In addition, we sent written notice of the lawsuit and reported the claim to both American Southern and ARI.

17. On October 22, 2014, Patrick Lalor, ARI's counsel, submitted a letter which contained a number of unlawful quid pro quo threats, including:

Moreover, because your client has threatened to file suit against ARI in a separate matter, your client has created an irreconcilable conflict of interest. ARI cannot provide a defense for a client that is contemplating an action against ARI. Any counsel appointed by ARI would be, in effect, an agent of ARI, which would be an ethical conflict.

Therefore, if your office will certify that there is no action, pending or otherwise, by your client against ARI, I will be happy to notify ARI that it should process the claim against your client by the Hernandez Estate.[1]

Based on these allegations of fact, JNP's First Amended Petition asserted claims for breach of contract; breach of the duty of good

---

[1]JNP's First Amended Petition, Exhibit E to Notice of Removal, Docket Entry No. 1, pp. 2-4 ¶¶ 10-17.

faith and fair dealing; violation of the Texas Insurance Code arising from allegedly unfair claim settlement practices, misrepresentations of insurance policy, and improper cancellation of insurance policy; and violation of the Texas Business and Commerce Code arising from allegedly deceptive trade practices. ARI and Companion were served with citation on November 26, 2014, and December 1, 2014, respectively.

On December 19, 2014, defendants filed a Notice of Removal (Docket Entry No. 1) on grounds that JNP's claims are all preempted by § 502(a)(1)(B) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1)(B).  In pertinent part defendants asserted:

> Notwithstanding JNP's effort to plead around the application of ERISA, it is nevertheless asserting that Defendants failed to pay benefits under an ERISA-regulated plan.  JNP's action is equivalent to a civil action by the plan beneficiary to recover benefits and enforce his rights under the terms of the plan.  29 U.S.C. § 1132(a)(1)(B).  Consequently, this Court has original jurisdiction under 28 U.S.C. § 1331.[2]

On December 19, 2014, defendants also filed an Unopposed Motion to Enlarge Time for defendants to answer or otherwise plead in accordance with Federal Rule of Civil Procedure 12 (Docket Entry No. 4).  On December 22, 2014, the court entered an Order Granting Unopposed Motion to Enlarge Time (Docket Entry No. 6).  On January 9, 2015, defendants filed Defendants' Motion to Dismiss and Brief in Support (Docket Entry No. 7), seeking dismissal of JNP's

---

[2]Notice of Removal, Docket Entry No. 1, pp. 2-3 ¶ 8.

Amended Petition for failure to state a claim for which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).

On January 30, 2015, JNP filed JN'P Enterprises, LLC's Second Amended Complaint (Docket Entry No. 8).  In the Second Amended Complaint JNP makes the follow allegations of fact:

8. JNP entered into an agreement with Companion, whereby JNP paid a premium to Companion.  In return, Companion issued occupational accident policy number AROA 1069 (the "Policy") that provided insurance coverage to JNP employees.

9. The Policy required Companion to make weekly indemnity payments as provided in Section V of the Policy.

10. JNP employee Alberto Valderrama ("Valderrama") was injured in the course of his employment. Valderrama was covered by the Policy, and submitted a claim under the Policy to ARI and Companion.

11. In response to the claim, ARI calculated Valderrama's weekly payment amount, provided this information to JNP and represented through words and conduct that JNP was to make payments to Valderrama.

12. Based on ARI's representations, JNP made weekly payments of $600 to Valderrama.

13. In a telephone conversation in March of 2013, Ms. Wilson reiterated that Valderrama's payments were to be $600 weekly, and that they should continue through September 21, 2013.

14. On March 6, 2013, Ms. Wilson confirmed the substance of the telephone conversation in writing and approved the continued payments to Valderrama through September 21, 2013 in the amount of $600.

15. JNP made each payment as directed by ARI for a period of two years.  These payments totaled $62,400.

16. On February 27, 2014, JNP attempted to obtain information from ARI regarding repayment of the $62,400. Ms. Wilson informed JNP that she was unaware of the reason for the delay in repayment to JNP and that she would contact Companion for more information.

17. Ms. Wilson stated:

    "This is the first time I have seen anything like this. Since we were unable to manage the claim I am not sure what the answer is. I am submitting your question to the insurance company and I will let you know what they say."

18. This was the first time ARI indicated to JNP there was any issue with reimbursement, or that ARI and/or Companion was unable to "manage" the claim.

19. JNP received no response from ARI or Companion until March 21, 2014 when ARI reversed course and informed JNP that despite past representations by words and conduct, Companion would **not** reimburse JNP for payments made to Valderrama.

20. Ms. Wilson communicated this information to JNP stating:

    "I finally got an answer on this one. They will not reimburse at this point. We were not allowed to manage the claim or direct care therefore we are not responsible for the indemnity payments. Also, the benefit period is expired and cannot be applied retro-actively."

21. JNP attempted to resolve the issue with ARI and Companion prior to filing suit through correspondence dated September 22, 2014. In this correspondence JNP requested reimbursement from ARI and Companion.

22. ARI and Companion responded by cancelling the Policy on October 7, 2014.

23. The cancellation letter included the heading "Cancellation for Non-Compliance," but failed to state any act or omission of JNP constituting non-compliance.

24.   Pablo Fuentes at JNP contacted ARI to discuss the cancellation.  Mr. Russell Coates of ARI stated the policy was canceled because of JNP's demand for payment of $62,400.

25.   In addition to cancelling the Policy, ARI also made attempts to coerce JNP into abandoning reimbursement of the Valderrama payments.

26.   Specifically, JNP submitted a wholly unrelated claim to ARI, (Claim Nos. 1397548001 and 1397012801).  On April 1, 2014, prior to the escalation of the dispute over reimbursement of the Valderrama payments, ARI notified JNP that it was "a covered entity" and "in the event of a lawsuit, [would] be provided a defense by Assurance Resources . . ." in the unrelated matter.

27.   On October 22, 2014, after the dispute over the Valderrama payments escalated, ARI changed its position and informed JNP it would not receive a defense from ARI in the unrelated matter because the dispute over the Valderrama payments created an "irreconcilable conflict of interest" and ARI could not provide JNP a defense until JNP agreed to abandon any claim related to the Valderrama matter.  ARI repeated its intention to withhold a defense in writing on October 30, 2014 and stated that ARI would withhold a defense from JNP if it pursued any claim against ARI "*in any matter*."

28.   Defendants canceled the Policy and issued threats to JNP to obtain concession from JNP with respect to repayment of the Valderrama payments.  These actions evidence Defendants acted willfully, maliciously and fraudulently in their dealings with JNP.[3]

Based on these allegations of fact, JNP's Second Amended Complaint

asserts claims for negligent misrepresentation and fraud.  "In the

alternative and to the extent it is determined that JNP can pursue

claims under the Employee Retirement Income Security Act's

_____

[3]JN'P Enterprises, LLC's Second Amended Complaint ("JNP's Second Amended Complaint"), Docket Entry No. 8, pp. 2-5 ¶¶ 8-28.

("ERISA") civil enforcement provisions,"[4] JNP's Second Amended Complaint asserts a civil enforcement action pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), for appropriate equitable relief under an ERISA plan.[5] If, however, ERISA does not preempt JNP's claims, JNP asserts additional state law causes of action for breach of contract, violation of the Texas Deceptive Trade Practices Act, the Texas Insurance Code, and the duty of good faith and fair dealing.[6]

## II.   JNP's Motion to Remand

JNP moves to remand this action for lack of subject matter jurisdiction.

## A.   Standard of Review

A civil action may be removed from state to federal court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  See Anderson v. American Airlines, Inc., 2 F.3d 590, 593 (5th Cir. 1993).  District courts have original jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  See Frank v. Bear Stearns & Co., 128 F.3d 919, 922 (5th Cir. 1997).  Because "removal jurisdiction raises significant

---

[4] Id. at 8 ¶ 47.

[5] Id. at 8-9 ¶¶ 48-52.

[6] Id. at 9 ¶ 53.

federalism concerns," the removal statute must be strictly construed. <u>Willy v. Coastal Corp.</u>, 855 F.2d 1160, 1164 (5th Cir. 1988). <u>See also</u> <u>Gutierrez v. Flores</u>, 543 F.3d 248, 251 (5th Cir. 2008). Although the court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the court's jurisdiction is fixed as of the time of removal. <u>See</u> 28 U.S.C. § 1447(c); <u>Doddy v. Oxy USA, Inc.</u>, 101 F.3d 448, 456 (5th Cir. 1996). Once the case is removed, a plaintiff's voluntary amendment to a complaint will not necessarily defeat federal jurisdiction; whether to remand the action to state court lies within the district court's discretion. <u>Lone Star OB/GYN Associates v. Aetna Health Inc.</u>, 579 F.3d 525, 528-29 (5th Cir. 2009). If the defendant demonstrates the presence of a "substantial federal claim, <i>e.g.</i>, one completely preempted by ERISA," the district court may not remand. <u>Id.</u> (citing <u>Giles v. NYLCare Health Plans, Inc.</u>, 172 F.3d 332, 337 (5th Cir. 1999)). The party seeking removal bears the burden of establishing federal jurisdiction, and doubt as to the propriety of removal should be resolved in favor of remand. <u>In re Hot-Hed, Inc.</u>, 477 F.3d 320, 323 (5th Cir. 2007) (per curiam).

### B. ERISA Preemption

Questions of removal jurisdiction are generally determined from the face of a "well-pleaded complaint." <u>Merrell Dow Pharmaceuticals Inc. v. Thompson</u>, 106 S. Ct. 3229, 3232 (1986)

(citing <u>Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California</u>, 103 S. Ct. 2841, 2846-47 (1983)).   The well-pleaded complaint rule means that the federal question must appear on the face of the complaint.   <u>See</u> <u>Torres v. Southern Peru Copper Corp.</u>, 113 F.3d 540, 542 (5th Cir. 1997).   Here, JNP asserts only state law claims against defendant.   Thus, on the face of JNP's complaint a federal question does not exist.   But there is an exception to the well-pleaded complaint rule:   "'[W]hen a federal statute wholly displaces the state-law cause of action through complete preemption,' the state claim can be removed."   <u>Aetna Health Inc. v. Davila</u>, 124 S. Ct. 2488, 2495 (2004) (quoting <u>Beneficial National Bank v. Anderson</u>, 123 S. Ct. 2058, 2063 (2003)).   Removal of such a claim is appropriate because "'[w]hen the federal statute completely pre-empts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.'"   <u>Id.</u>   <u>See also</u> <u>Metropolitan Life Insurance Co. v. Taylor</u>, 107 S. Ct. 1542, 1546 (1987) .   "ERISA is one of those statutes."   <u>Davila</u>, 124 S. Ct. at 2495.

ERISA may preempt state law claims in one of two ways.   <u>See</u> <u>Giles</u>, 172 F.3d at 336 (citing <u>McClelland v. Gronwaldt</u>, 155 F.3d 507, 515-19 (5th Cir. 1998) (distinguishing "complete" preemption under ERISA § 502(a), 29 U.S.C. § 1132(a), from "ordinary" or "conflict" preemption under ERISA § 514(a), 29 U.S.C. § 1144(a)),

overruled in part on other grounds by Arana v. Ochsner Health Plan,
338 F.3d 433, 440 n.11 (5th Cir. 2003) (en banc)). "First, ERISA
may occupy a particular field, resulting in complete preemption
under § 502(a), 29 U.S.C. § 1132(a)." Id. (citing Metropolitan
Life, 107 S. Ct. 1542, and McClelland, 155 F.3d at 516-17). See
also Arana, 338 F.3d at 437.   ERISA § 502(a) provides several
causes of action that may be brought by an ERISA plan beneficiary,
participant, the Secretary of Labor, or plan administrator or
fiduciary.   ERISA § 502(a)(1)(B) provides that "[a] civil action
may be brought by a participant or beneficiary . . . to recover
benefits due to him under the terms of his plan, to enforce his
rights under the terms of the plan, or to clarify his rights to
future benefits under the terms of the plan."   29 U.S.C.
§ 1132(a)(1)(B).   Any state cause of action that seeks the same
relief as a cause of action authorized by ERISA § 502(a),
"regardless of how artfully pleaded as a state action," is
completely preempted. Giles, 172 F.3d at 337.   Thus, if a plan
beneficiary or participant seeks to recover benefits from an ERISA
plan under a state law cause of action, those claims are completely
preempted and subject to removal. Id.

The second form of ERISA preemption is known as "ordinary" or
"conflict" preemption.   It exists when ERISA provides an
affirmative defense to state law claims and involves ERISA
§ 514(a), 29 U.S.C. § 1144(a). Giles, 172 F.3d at 337.   Section
514(a) provides that ERISA "shall supersede any and all State laws

-11-

insofar as they may now or hereafter relate to any employer benefit plan." The Fifth Circuit in Giles made clear, however, that the existence of conflict preemption under § 514 of ERISA does not, by itself, create an exception to the well-pleaded complaint rule. "'State law claims [that] fall outside the scope of ERISA's civil enforcement provision, § 502, even if preempted by § 514(a), are still governed by the well-pleaded complaint rule and, therefore, are not removable under the complete-preemption principles established in *Metropolitan Life*.'" Id. (quoting Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 355 (3d Cir. 1995)). See also Franchise Tax Board, 103 S. Ct. 2841, 2853-56 (explaining that even though ERISA § 514(a) may preclude enforcement of a state law claim, removal of a claim that falls outside the scope of ERISA § 502(a) is inappropriate). The mere presence of conflict preemption does not raise a federal question. Instead of "transmogrifying a state cause of action into a federal one — as occurs with complete preemption — conflict preemption serves as a *defense* to a state action." Giles, 172 F.3d at 337.

Thus, for a district court to exercise removal jurisdiction, complete preemption must exist. "When the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under § 514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption." Id. In the absence of complete preemption, the district court "lacks power to do anything other than remand to the

-12-

state court where the preemption issue can be addressed and resolved." Id. (citing Dukes, 57 F.3d at 355). The Supreme Court has held that state law causes of action are completely preempted by ERISA § 502(a) when both: (1) an individual, at some point in time, could have brought the claim under ERISA § 502(a), and (2) there is no other legal duty independent of ERISA or the plan terms that is implicated by the defendant's actions. Davila, 124 S. Ct. at 2496.

## C.   Application of ERISA Preemption Law to the Alleged Facts

### 1.   JNP Could Not Have Brought a Claim Under ERISA § 502(a)

The first part of the Davila inquiry requires the defendants to establish that JNP could have brought its claims under § 502(a), i.e., 29 U.S.C. § 1132(a). Davila, 124 S. Ct. at 2496. ERISA § 502(a) limits the claims against insurers to claims brought by participants, beneficiaries, and fiduciaries. 29 U.S.C. § 1132(a). See also Franchise Tax Board, 103 S. Ct. at 2855 ("ERISA carefully enumerates the parties entitled to seek relief under § 502").

JNP argues that this action should be remanded because

[c]omplete preemption under ERISA exists *only* if the complainant could have, at some point, brought its claims under ERISA's civil enforcement provisions. JNP has no standing under ERISA, and cannot assert its claims through § 502(a)(1)(B). JNP's claims are not completely preempted and there is no basis for federal jurisdiction over JNP's causes of action.[7]

---

[7]JNP's Motion to Remand, Docket Entry No. 11, p. 1 ¶ 1.

In other words, JNP argues that its claims are not preempted because it could not bring claims under § 502(a)(1)(B) and because defendants' actions implicate legal duties independent of ERISA.[8]

Defendants respond that:

1.   JNP's live pleading at the time of removal sought to recover employee plan benefits governed by ERISA § 1132(a)(1).   Therefore, ERISA preemption applies and federal court jurisdiction is invoked.   That JNP ultimately lacked standing to recover on the claims it asserted does not change the claims as filed.

2.   In its post-removal filings, JNP asserts new claims, which it argues are not subject to ERISA.   However, the new claims are within the scope of ERISA § 1132(a)(3).   Therefore, ERISA preemption and federal court jurisdiction remain.[9]

Asserting that "JNP's action is equivalent to a civil action by the plan beneficiary to recover benefits and enforce his rights under the terms of the plan,"[10] defendants argue that "this Court has original jurisdiction under 28 U.S.C. § 1331."[11]   Defendants argue that JNP's post-removal pleadings similarly support federal question jurisdiction, because

JNP focuses its pleadings on allegations that, in essence, assert JNP paid the Valderrama Claim and should be reimbursed by Defendants.   But, JNP continues to assert a purported breach of contract claim.   *See*

---

[8]*Id.* at 4-7 ¶¶ 9-15.   *See also* JN'P Enterprises, LLC's Response to Defendants' Motion to Dismiss, Docket Entry No. 12, pp. 2-5 ¶¶ 4-11.

[9]Defendants' Response, Docket Entry No. 15, p. 1 ¶¶ 1-2.

[10]*Id.* at 3 ¶ 6.

[11]*Id.*

> Complaint, p. 9. . . . [A] determination of whether Plan
> benefits were owed to Valderrama is central to JNP's
> purported breach of contract claim.   Although JNP
> concedes it lacks standing under ERISA § 1132(a)(1) to
> seek recovery of Plan benefits or to challenge a benefit
> determination, it continues to do so.   Consequently, this
> Court has original jurisdiction, under 28 U.S.C. § 1331,
> to address this federal question.[12]

Asserting that "JNP expressly, albeit in the alternative, asserts

its own ERISA claim to recover 'appropriate equitable relief' from

Defendants for Plan benefits JNP allegedly advanced to

Valderrama,"[13] defendants argue that "JNP's state law claims are

within the scope of § 502(a)(3) and, therefore, preempted by

§ 502(a)(3).   Consequently, this Court has original jurisdiction,

under 28 U.S.C. § 1331, to address this federal question."[14]

      (a)   JNP Could Not Have Brought a § 502(a)(1)(B) Claim

A civil action under ERISA § 502(a)(1)(B) may be brought only

by a participant or a beneficiary.   See 29 U.S.C. § 1132(a)(1)(B);

Jamail, Inc. v. Carpenters District Council of Houston Pension &

Welfare Trusts, 954 F.2d 299, 302 (5th Cir. 1992).   Claims brought

by such persons for benefits or improper claims processing

completely preempt state law causes of action.   See Davila, 124

S. Ct. at 2496.   Third parties that are neither participants nor

beneficiaries of an ERISA plan do not have independent standing to

---

[12]Id. at 3 ¶ 8.

[13]Id. ¶ 9.

[14]Id.

seek recovery under § 502(a)(1)(B).  See Memorial Hospital System v. Northbrook Life Ins. Co., 904 F.2d 236, 250 & n. 20 (5th Cir. 1990) (citing Hermann Hosp. v. MEBA Med. & Benefits Plan, 845 F.2d 1286, 1290 (5th Cir. 1988)).  Participants and beneficiaries may, however, assign their rights to receive benefits under an ERISA plan to a third-party.  Third-parties to whom such rights have been assigned may bring derivative actions to enforce ERISA plan participants' and beneficiaries' claims.  Id.  See Harris Methodist Fort Worth v. Sales Support Services Inc. Employee Health Care Plan, 426 F.3d 330, 333-34 (5th Cir. 2005); Hermann, 845 F.2d at 1289-90.  In such actions the plaintiff does not assert an independent legal duty owed directly to the plaintiff but, instead, stands in the shoes of the ERISA participant or beneficiary to assert the participant's or beneficiary's rights under the plan. Id. at 245 & n.12.

JNP argues and defendants agree that JNP is Valderrama's employer, and that as such JNP has no standing to bring a claim under ERISA § 502(a)(1)(B).[15]  The Fifth Circuit, observing that "[e]mployers are conspicuously absent from the list of those entitled to bring a civil action," Jamail, 954 F.2d at 302, has held that employers do not have a right of action under § 502.  Id.

---

[15]See JNP's Motion to Remand, Docket Entry No. 11, p. 5 ¶ 10 (asserting that "[b]ecause of the narrow standing granted by the statute, JNP, a nonparticipant and nonbeneficiary, could at no time bring claims under § 502(a)(1)(B)"); Defendants' Response Opposing Plaintiff's Motion to Remand, Docket Entry No. 15, p. 3 ¶ 7 ("JNP argues it lacked standing to assert a claim under § 502(a)(1)(B). See Motion, pp. 4-5.  Defendants agree.").

Neither JNP nor defendants contend that JNP is bringing this action as an assignee of Valderrama's claim and not as an independent third-party. The allegations in JNP's Second Amended Complaint are not that defendants have wrongfully denied Valderrama's claim for benefits, but that defendants have wrongfully failed to reimburse JNP after ARI represented to JNP that Valderrama was entitled to weekly benefit payments of $600 for a period of two years.[16] Defendants' response to JNP's motion to remand acknowledges both that § 502(a)(1)(B) provides no remedy to JNP because JNP is not an ERISA plan participant or beneficiary,[17] and that JNP's Second Amended Complaint is focused "on allegations that, in essence, assert JNP paid the Valderrama Claim and should be reimbursed by Defendants."[18]

Fifth Circuit precedent is clear that detrimental reliance claims brought by third-parties are not subject to complete preemption under ERISA. See Transitional Hospitals v. Blue Cross & Blue Shield of Texas, Inc., 164 F.3d 952, 954 (5th Cir. 1999)

---

[16]See JNP's Second Amended Complaint, Docket Entry No. 8, p. 3 ¶¶ 10-15.

[17]Defendants' Response Opposing Plaintiff's Motion to Remand, Docket Entry No. 15, p. 3 ¶ 7 (recognizing that § 502(a)(1)(B) provides no remedy to JNP because JNP is not an ERISA plan participant or beneficiary, but asserting: "Yet, JNP nevertheless asserted such a claim—expressly challenging Defendant's alleged wrongful denial of the Valdarrama Claim. JNP should not be heard now arguing the Court lacks jurisdiction because JNP had no standing for the claim it pleaded at the time of removal (and remains central to its subsequent pleading.").

[18]Id. ¶ 8.

("ERISA does not preempt state law when the state-law claim is brought by an independent, third-party health care provider (such as a hospital) against an insurer for its negligent misrepresentation regarding the existence of healthcare coverage."). See also Memorial Hospital, 904 F.2d at 250 ("Memorial seeks damages from an insurance company and its alleged agent, claiming that, had it not been for negligent misrepresentations of coverage, Memorial would not have accepted the financial risk of providing medical treatment to Echols.  We do not think that Congress intended ERISA to regulate the commercial interactions of such entities in such situations."); Access Mediquip, L.L.C. v. United Healthcare Insurance Co., 698 F.3d 229 (5th Cir. 2012) (per curiam) (reaffirming holdings in Transitional Hospitals, 164 F.3d at 952, and Memorial Hospital, 904 F.2d at 250).  Because JNP is neither a plan participant nor beneficiary but, instead, the employer of plan participants, and because neither JNP nor defendants contend that JNP is asserting derivative claims based on Valderrama's assignment of his right to benefits to JNP, the court has no basis on which to conclude that JNP could have brought its claims for reimbursement under ERISA § 502(a)(1)(B).

(b)   JNP Could Not Have Brought a § 502(a)(3) Claim

A civil action under ERISA § 502(a)(3) may be brought

by a participant, beneficiary, or fiduciary (A) to enjoin
any act or practice which violates any provision of this
subchapter or the terms of the plan, or (B) to obtain

-18-

other appropriate equitable relief (i) to redress such
violations or (ii) to enforce any provisions of this
subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3).   Section 502(a)(3) is considered a
"catchall" provision.  Varity Corp. v. Howe, 116 S. Ct. 1065, 1077-
78 (1996).   Section 502(a)(3) acts as a safety net and offers
"[a]ppropriate equitable relief for injuries caused by violations
that § 502 does not elsewhere adequately remedy."  Id. at 1078.
The Supreme Court has held that the equitable relief available
under § 502(a)(3) refers to those categories of relief that were
typically available in equity, including injunctive relief, but
does not refer to legal relief such as money damages.  Mertens v.
Hewitt Associates, 113 S. Ct. 2063, 2068-70 (1993) (rejecting
reading of ERISA that would have extended relief available under
§ 502(a)(3) to legal remedies typically beyond the scope of an
equity court's authority).   JNP argues that it could not have
brought a claim under ERISA § 502(a)(3) because it is not a
fiduciary and because its claims against the defendants are not
claims for equitable relief.

JNP's claims center around its right to reimbursement for
weekly payments of $600 made to Valderrama pursuant to ARI's
representation that Valderrama was entitled to receive such
payments from JNP.  Defendants have failed to establish that JNP
has standing to pursue a claim for equitable relief under
§ 502(a)(3) because they have not shown that JNP is a fiduciary of
the ERISA plan.  As the employer, JNP does not have standing to

-19-

bring an enforcement action. <u>See</u> <u>Jamail</u>, 954 F.2d at 302. Moreover, JNP's claim for reimbursement of money paid to Valderrama pursuant to ARI's alleged misrepresentation is a claim for money damages, i.e., a claim for legal relief that was not <u>typically</u> available from equity courts. <u>See</u> <u>Great-West Life & Annuity Insurance Co. v. Knudson</u>, 122 S. Ct. 708, 714 (2002) (recognizing that unless a claim for money seeks particular funds, it should be "viewed essentially as [an] action[] at law for breach of contract (whether the contract was actual or implied)" even when characterized as a claim for injunctive relief or restitution). Thus, regardless of whether JNP is an ERISA fiduciary, JNP's claim for reimbursement is not cognizable under ERISA § 502(a)(3) because it is not a claim for relief typically available from equity courts but, instead, a claim for money damages typically available at law.

### 2. JNP's Claims Implicate an Independent Legal Duty

The second part of the <u>Davila</u> inquiry requires the defendants to establish that JNP's allegations of their wrongdoing do not implicate a legal duty independent of ERISA or the plan terms. <u>See</u> <u>Davila</u>, 124 S. Ct. at 2496. Allegations of wrongdoing implicate an independent legal duty when the plaintiff may bring a state law claim regardless of the terms of an ERISA plan. <u>See</u> <u>id.</u> at 2498. JNP alleges that ARI negligently or intentionally represented that weekly benefit payments should be made because they were covered by the plan. The Fifth Circuit has held that ERISA does not preempt

-20-

state law when the state law claim is brought by an independent, third-party against an insurer for its negligent misrepresentation regarding the existence of coverage. See Transitional Hospitals Corp., 164 F.3d at 954, and Memorial Hospital, 904 F.2d at 250.

In Transitional Hospitals, 164 F.3d at 952, the Fifth Circuit addressed whether a hospital's claims against an ERISA plan insurer were subject to complete preemption. The hospital alleged that prior to admitting the patient defendants misrepresented that the ERISA plan would pay 100% of the patient's hospital bills after Medicare benefits were exhausted. The hospital sued defendants based on breach of contract and common law and statutory misrepresentation. The Fifth Circuit explained that "ERISA does not preempt state law when the state-law claim is brought by an independent, third-party health care provider (such as a hospital) against an insurer for its negligent misrepresentation regarding the existence of health care coverage." Id. at 954. But because the hospital's breach of contract claims were "based on defendants' alleged failure to pay the full amount of benefits due under the terms of the [ERISA] policy," the Fifth Circuit concluded that those contract claims were preempted. Id. at 955. See also Memorial Hospital, 904 F.2d at 250 ("We cannot believe that Congress intended the preemptive scope of ERISA to shield welfare plan fiduciaries from the consequences of their acts toward non-ERISA health care providers when a cause of action based on such

conduct would not relate to the terms or conditions of a welfare plan, nor affect -- or affect only tangentially -- the ongoing administration of the plan.").

While the factual allegations made in JNP's First Amended Petition could be read as an attempt to seek plan benefits due to Valderrama, careful review of the augmented factual allegations made in JNP's Second Amended Complaint leads the court to conclude that the state law claims for negligent misrepresentation and fraud that JNP is now asserting against defendants are both based on the prior misrepresentation theory of recovery recognized by the Fifth Circuit in Transitional Hospitals and Memorial Hospital. JNP's claims for negligent misrepresentation and for fraud are both based on allegations that ARI represented to JNP that Valderrama was entitled to receive payments of $600 each week for a period of two years and that JNP was to make the weekly payments to Valderrama, that ARI confirmed its representation that JNP was to make weekly payments of $600 to Valderrama with the intention that JNP rely on the representation by making weekly payments to Valderrama,[19] that JNP reasonably relied on ARI's representations by making payments to Valderrama,[20] that after making the payments JNP discovered that ARI's prior representations were false because neither ARI nor Companion intended to reimburse JNP for payments made to

---

[19] Id. at 6-7 ¶ 40.

[20] Id. at 7 ¶ 41.

Valderrama,[21] and that ARI and Companion made false representations
to JNP with knowledge that they were false, or recklessly made
without any knowledge of their truth or falsity.[22]  JNP's claims for
negligent misrepresentation and fraud do not depend on Valderrama's
right to payment under the ERISA benefit plan but, instead, on the
truth and legal effect of ARI's representations that JNP was to
make weekly benefit payments to Valderrama that would be covered by
the plan.  Consistent with the holdings in Davila, 124 S. Ct. at
2496, Transitional Hospitals, 164 F.3d at 954, and Memorial
Hospital, 904 F.2d at 250, the court concludes that JNP's claims
are based on a legal duty not to misrepresent material facts that
is independent of ERISA and the terms of any ERISA plan at issue.

   3.   Conclusions

   Because neither party disputes that JNP was Valderrama's
employer and that as such has no right to recover amounts due to
Valderrama under the plan, and because neither party contends that
JNP is suing defendants as an assignee of Valderrama's rights to
benefits due under the plan, the court has no basis to conclude
that JNP could have brought its claims under § 502(a) of ERISA.
Because JNP seeks reimbursement of amounts paid to Valderrama based
on ARI's representation that such amounts would be covered by the
plan, JNP's claims are claims for money damages that were not

---

[21]Id. ¶ 42.

[22]Id. ¶ 43.

typically available in equity courts.  Therefore, regardless of whether JNP was a fiduciary, JNP could not have brought its claims under § 502(a)(3) of ERISA.  Because JNP's state-law claims depend wholly on the truth and legal effect of ARI's alleged misrepresentation that weekly benefits would be covered by the plan, JNP's claims are based on a legal duty that is independent of ERISA and the terms of any ERISA plan that may be at issue. Accordingly, JNP's state-law claims are neither completely preempted by ERISA nor subject to removal.

### III.  JNP's Request for Attorney's Fees

Asserting that defendants' removal of its claims was "without any basis in law or fact,"[23] JNP seeks "an order requiring JNP and/or Companion to pay JNP's attorney's fees."[24]  JNP argues that "[a] cursory review of the law prior to removing the suit would have revealed JNP lacks standing under § 502(a)(1)(B), and that there is not complete preemption of JNP's claims and that there was no basis for removal."[25]  Defendants respond that even if the court concludes that this action should be remanded, JNP's attorney's fee request should be denied.[26]  Defendants argue

---

[23]JNP's Motion to Remand, Docket Entry No. 11, p. 7 ¶ 17.

[24]Id.

[25]Id. at 7-8 ¶ 19.

[26]Defendants' Response, Docket Entry No. 15, p. 4 ¶ 10.

> JNP seemingly complains that Defendants should not have
> removed this action because JNP lacked the standing
> necessary to assert the claims it asserted.  Whether JNP
> had standing or not, Plaintiff's Petition expressly
> sought recovery of benefits for the Valderrama Claim — a
> claim arising from an ERISA-governed benefit plan.   To
> the extent JNP did not mean what it pleaded, Defendants
> should not be penalized for relying on the pleadings as
> filed. . . JNP's request for attorneys' fees should be
> denied because there is no evidence Defendants lacked an
> "objectively reasonable basis" for the removal.[27]

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  When defendants removed this action the live pleading was JNP's First Amended Petition in which JNP alleged that defendants "made misrepresentations and refused to provide coverage, in violation of the terms of the [ERISA-governed] occupational accident policy. . ."[28] Because these allegations made in JNP's First Amended Petition could reasonably be read to assert a claim for benefits owed under an ERISA-governed plan, the court concludes that JNP's request for attorney's fees should be denied because defendants did not lack an objectively reasonable basis for the removal.

## IV.  Conclusions and Order

For the reasons stated in § II, above, the court concludes that the state-law claims asserted in JNP's Second Amended

---

[27]Id. at 4-5 ¶ 10.

[28]Exhibit E to Notice of Removal, Docket Entry No. 1-1, p. 3 ¶ 14.

Complaint are not completely preempted by ERISA.  For the reasons stated in § III, above, the court concludes that JNP's request for attorney's fees should be denied.  Accordingly, JN'P Enterprises, LLC's Motion to Remand for Lack of Subject Matter Jurisdiction and Request for Attorney's Fees (Docket Entry No. 11) is **GRANTED in PART and DENIED in PART.**  Because the court has concluded that the claims asserted in JNP's Second Amended Complaint are not completely preempted by ERISA, this action will be remanded to state court.

This action is **REMANDED** to County Court at Law No. 3, Harris County, Texas.  The Clerk of this court is directed to promptly send a copy of this Memorandum Opinion and Order to the County Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this the 13th day of May, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE